UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN JAMES BROOM,

      Plaintiff,

                                  Case No. 1:25-cv-820

v.

                                  HON. JANE M. BECKERING

JOHN A. HALLACY, et al.,

      Defendants.

_____/

## OPINION AND ORDER

This is a pro se prisoner civil rights action—filed in forma pauperis—that involves various challenges raised by Plaintiff to his state court criminal proceedings and resulting incarceration on a felony firearms offense.  Defendants moved to dismiss (ECF No. 9) and Plaintiff moved for leave to amend (*see* ECF Nos. 11 & 12).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (ECF No. 20), recommending that the Court grant Plaintiff's motions for leave to amend (ECF Nos. 11 & 12), strike Defendants' motion to dismiss as moot (ECF No. 9), deny Plaintiff's motions for miscellaneous relief (ECF No. 16 and 17), dismiss Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B) given Plaintiff's failure to state a claim, and decline to exercise supplemental jurisdiction over any remaining state law claims.[1]

---

[1] The Report and Recommendation liberally construes Plaintiff's prolix and largely unintelligible complaint, along with his proposed amendments, as an attempt to assert claims under 42 U.S.C. § 1983 (R&R, ECF No. 20).  Plaintiff does not specifically object to this characterization of his pleadings—to the contrary, he affirmatively represents that his amended pleadings raise a "federal question" (*see, e.g.,* ECF No. 11 at PageID.66 and ECF No. 12 at PageID.118).  That said, the Report and Recommendation recommends that the Court decline to exercise supplemental jurisdiction over any state law claims to the extent Plaintiff asserts them (*see* R&R, ECF No. 20).

This matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. For the reasons stated below, the Court will deny the objections and adopt the Report and Recommendation.

After the Magistrate Judge entered the Report and Recommendation (ECF No. 20), Plaintiff submitted two filings, one entitled "Objection Letter; Demand Letter; Admissible Evidence" (ECF No. 21) and one entitled "Brief in Support of Plaintiff(s) Objection" (ECF No. 22). The Court has carefully reviewed these submissions and concludes that Plaintiff's "objections" lack merit for the following reasons.

First, Plaintiff fails to "specifically identify" the portions of the Report and Recommendation to which his objections apply, violating this Court's rules. *See* W.D. Mich. LCivR 72.3(b); *Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024) (noting that a district court's "local rules carry the force of law"). Given this deficiency, Plaintiff is unable to intelligibly identify any legal or factual error in the Magistrate Judge's analysis. *See id.*

Second, to "the extent that [Plaintiff] simply repeats [his] earlier arguments, without specifically pointing to errors in the magistrate judge's R & R, [he] has not properly objected and the R & R will stand." *Pratt v. Comm'r of Soc. Sec.*, No. 1:10-CV-438, 2012 WL 5844969, at *3 (W.D. Mich. Nov. 19, 2012); *Maxwell v. Corr. Med. Servs., Inc.*, No. 1:10-CV-404, 2014 WL 4983561, at *3 (W.D. Mich. Sept. 30, 2014) (noting that if a plaintiff's "objections merely reargue his general claims, they are not proper objections to the Report and Recommendation"); *Anderson v. Prelesnik*, No. 1:08-CV-250, 2010 WL 1254571, at *7 (W.D. Mich. Mar. 26, 2010) ("[I]t is well settled that a party objecting to an R & R may not simply [restate] prior filings[.]").

Third, in the few instances where Plaintiff does specifically refer to the Magistrate Judge, Plaintiff's unintelligible, conclusory arguments fail to identify factual or legal error in the Report and Recommendation, and the Court concludes that these "objections" lack merit. *See, e.g.,* Obj., ECF No. 22 at PageID.257 ("U.S. Magistrate MaArten [sic] Vermaat fails to state a sufficient claim of why the Circuit Court Judge John Allen Hallacy, has the Judicial Immunity to Breach the Contract agreed upon by the 10th Judicial District of Michigan District Court Judge Paul K. Beardslee[.]"); *cf. Anderson*, 2010 WL 1254571 at *7 ("This conclusory and difficult-to-follow objection is unavailing[.]"); *Maxwell*, 2014 WL 4983561 at *3 ("Plaintiff's objection to the 'overall' Report and Recommendation is improper.").

In sum, the Court concludes that Plaintiff's submissions fail to properly preserve objections to the Report and Recommendation, and even if they did, the Court concludes that Plaintiff has failed to identify any factual or legal error in the Magistrate Judge's analysis or conclusion that Plaintiff has failed to state a plausible claim for relief on his federal claims. *See* 28 U.S.C. § 1915(e)(2)(B); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court also notes that Plaintiff has already been granted the opportunity to amend his complaint (*see, e.g.,* ECF Nos. 11, 12, 20, 23). No further motion to amend is pending. The Court concludes that Plaintiff's federal claims should be dismissed with prejudice given these facts. *See Golf Vill. N., LLC v. City of Powell, Ohio*, 14 F.4th 611, 624 (6th Cir. 2021) (holding that a district court does not abuse its discretion in dismissing an amended complaint with prejudice where a plaintiff does not move for leave to file a second amended complaint); *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627–28 (6th Cir. 2019) (same); *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021) ("Dismissal with prejudice and without leave to amend is . . . appropriate when it is clear . . . that the complaint

could not be saved by an amendment."); *CNH Am. LLC*, 645 F.3d 785, 795 (6th Cir. 2011) (affirming dismissal with prejudice of initial complaint).

Given that the Court will dismiss Plaintiff's federal claims, the Court will concomitantly decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and makes no assessment of their merits. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]"). *See, e.g., Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("Upon dismissing [plaintiff's] federal claims, the district court properly declined to exercise supplemental jurisdiction over [the] remaining state-law claims.").

Accordingly, this Court adopts the Report and Recommendation as the Opinion of the Court. A Judgment will enter consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed in forma pauperis, this Court will also certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), *rev'd on other grounds as stated in Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 21 & 22) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 20) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Amend (ECF No. 11 & 12) are GRANTED.

4

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) is STRICKEN AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Permission to Proceed (ECF No. 16) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Overrule Motion to Dismiss and to Order Prosecutor to Certify Charge (ECF No. 17) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's operative complaint is DISMISSED IN PART WITH PREJUDICE as to his federal claims given his failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and DISMISSED IN PART WITHOUT PREJUDICE as to his state-law claims given that the Court declines to exercise supplemental jurisdiction over those claims.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *rev'd on other grounds as stated in Jones v. Bock*, 549 U.S. 199, 203 (2007).

Dated:  February 17, 2026 

/s/ Jane M. Beckering  
JANE M. BECKERING  
United States District Judge